JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
EDAWRD O'REGAN and ANA VIQUEZ as Parents and Natural Guardians of L.O.

**(b)** County of Residence of First Listed Plaintiff: **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David S, Dessen, Esq. 600 Easton Road, Willow Grove, PA 19090, 215-496-2902, ddessen@dms-lawyer.com

## DEFENDANTS
CENTRAL BUCKS SCHOOL DISTRICT

County of Residence of First Listed Defendant: **Bucks**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | |
| | | | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [x] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C 1983

Brief description of cause:
Denial of procedural due process; unlawful Title IX grievance proceeding

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 12/3/2024

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

10/2024

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: 20 Welden Road, Doylestown, PA 18901

---

**RELATED CASE IF ANY:** Case Number: _____ Judge: _____

1. Does this case involve property included in an earlier numbered suit? Yes [X]
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes [X]
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes [X]
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes [X]
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes [X]

I certify that, to the best of my knowledge and belief, the within case [ ] is / [X] is not related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A. Federal Question Cases:**

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Wage and Hour Class Action/Collective Action
6. [ ] Patent
7. [ ] Copyright/Trademark
8. [ ] Employment
9. [ ] Labor-Management Relations
10. [X] Civil Rights
11. [ ] Habeas Corpus
12. [ ] Securities Cases
13. [ ] Social Security Review Cases
14. [ ] Qui Tam Cases
15. [ ] Cases Seeking Systemic Relief *see certification below*
16. [ ] All Other Federal Question Cases. *(Please specify)*: _____

**B. Diversity Jurisdiction Cases:**

1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify)*: _____
7. [ ] Products Liability
8. [ ] All Other Diversity Cases: *(Please specify)* _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case [ ] does / [X] does not have implications beyond the parties before the court and [ ] does / [X] does not seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

### ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD O'REGAN and ANA VIQUEZ
as Parents and Natural Guardians of L.O.[1]
45 Woodview Drive
Chalfont, PA 18914,
        Plaintiffs

vs.                                           No.

CENTRAL BUCKS SCHOOL DISTRICT
20 Welden Drive
Doylestown, PA 18901,
        Defendant

## COMPLAINT

### PARTIES

1. Plaintiffs Edward O'Regan and Ana Viquez (hereinafter referred to as "O'Regan") are adult individuals residing at 45 Woodview Drive, Chalfont, PA 18914 and the parents and natural guardians of their minor son, L.O.

2. Defendant Central Bucks School District (hereinafter referred to as "School District") is a municipal school district organized and existing under the laws of the Commonwealth of Pennsylvania, with its principle office located at 16 Welden Drive, Doylestown, PA 18901.

3. At all times relevant to the events set forth in this Complaint, L.O was a 10th grade student at Central Bucks High School – South (hereinafter referred to as the "high school"), a high school operated and maintained by the School District.

### JURISDICTION AND VENUE

---

[1] L.O. and other minors are identified only by the initials of their first and last names.

4.  This Court has jurisdiction to decide O'Regan's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C § 1343.

5.  Pursuant to 28 U.S.C. §1391(b)(1) and (2), venue is proper in this Court since the Defendant resides in the Eastern District of Pennsylvania and all of the events at issue took place in the Eastern District of Pennsylvania.

## FACTS

6.  L.O., D.F., J.F. and R.W. are male 10th grade students at the high school.

7.  D.F. and J.F. are brothers.

8.  G.R. is a 19-year old woman with Down's Syndrome and a student at the high school.

9.  In the afternoon, L.O., D.F., J.F. R.W and G.R. are transported from the high school to their homes on School District bus 357.

10. On September 16, 23, 24, 25, 26 and 27, 2024, various interactions took place between L.O., D.F., J.F., R.W. and G.R. on bus 357 including a physical altercation between D.F. and G.R. during the afternoon of September 23, 2024.

11. Between September 16, 2024 and October 1, 2024, neither L.O., D.F., J.F., R.W. nor G.R. made a complaint to the School District alleging that they were discriminated against because of their sex or harassed because of their sex as a result of anything that occurred on bus 357.

12. On or about October 1, 2024, J.F. told Erin Scholl, his education support teacher, about the incident on bus 357 that occurred on September 23, 2024 as well as about various other incidents on bus 357 in which G.R. was involved.

13. The next day, October 2, 2024, Ms. Scholl sent an email summarizing her conversation with J.F. to Jennifer Opdyke, the high school Class of 2027 House Principal.

14. After reading Ms. Scholl's email, Ms. Opdyke started an investigation and spoke with J.F., D.F. and G.R. as well as with their parents.

15. During the interviews with Ms. Opdyke, neither J.F., D.F., G.R. nor any of their parents alleged that any student was discriminated against because of their sex or harassed because of their sex as a result of anything that occurred on bus 357.

16. On October 4, 2024, as part of her investigation, Ms. Opdyke began to review video footage of the events on bus 357 beginning with events that occurred on September 16, 2024.

17. Also, on October 4, 2024, Ms. Opdyke spoke with Becky Stern and Special Education Supervisor Ron Lock.

18. At Mr. Lock's suggestion, Ms. Opdyke contacted Alyssa Wright (hereinafter referred to as "Wright"), the School District Title IX Coordinator.

19. Wright determined that the incident on the school bus should be investigated under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681, *et seq.* (hereinafter referred to as the "Title IX proceeding").

20. On October 18, 2024, after reviewing additional video footage of events on bus 357 between September 16, 2024 and September 27, 2024 and conducting additional interviews with students and parents, Ms. Opdyke completed the School District's Reporting Form for Discrimination, Bullying and Harassment in violation of School District Policies 104 and 108.

3

21. In the form, Ms. Opdyke alleged that G.R., D.F. and J.F. had discriminated and harassed each other on the basis of age, sex and disability. A copy of the form signed by Ms. Opdyke is attached hereto and marked Exhibit "A."

22. On October 18, 2024, based upon the form signed by Ms. Opdyke, Wright sent O'Regan a Notice of Complaint Received form. A copy of the Notice is attached hereto as Exhibit "B."

23. In the Notice, Wright informed O'Regan that:

> [T]the District received a report of conduct on October 2, 2024, that could potentially constitute unlawful sex-based harassment. Your child, L.O. was named as a **RESPONDENT**, meaning that your child may be responsible for violating the policy prohibiting sex-based harassment. The report indicates that the name of the targeted student, called the **COMPLAINANT**, is G.R., who is a student at CB South. The other parties are D.F., J.F. L.O. and R. W. who are students at CB South.

24. The Notice alleges that:

> L.O. was observed engaging in conversation about the incident, cursing loudly, and appeared to be video recording an interaction between G.R. and D.F. Additionally, he was also observed on bus footage discussing with another peer that he had a video of one of the incidents in question and proceeded to show the video to that peer.

25. On October 2, 2024, the School District did not receive a formal complaint from G.R. that L.O. had discriminated or harassed her because of her sex.

26. In an email dated November 5, 2024, Kalani Linnell, Esquire, counsel for the School District, stated that the School District viewed the October 18, 2024 Notice from Wright as initiating an alleged Title IX proceeding in which G.R. is a Complainant against L.O., D.F. J.F. and R.W. and in which L.O., D.F., J.F. and R.W. are each a Complaint against G.R. A copy of the Linnell email is attached hereto as Exhibit "C."

4

27. On November 18, 2024, Michael Raffaelle, Esquire, counsel for G.R. wrote to Linnell on behalf of Ilene Young, Esquire, counsel for D.F. and J.F and undersigned counsel, to advise the School District that in their collective opinion, counsel believed it was, among other things, improper for the School District to pursue the individual claims alleged against the students in one proceeding. A copy of Mr. Raffaelle's letter is attached hereto as Exhibit "D."

28. Counsel for the School District responded the same day and stated that because, according to the School District, L.O., D.F., J.F., and R.W. acted in concert to target G.R. relating to her disability, and because G.R. displayed her inappropriate conduct to all the students at the same time, "the decision-maker needs to understand the full scope and totality of the circumstances to make a rational decision." A copy of Ms. Linnell's letter is attached hereto as Exhibit "E."

29. On November 14, 2024, the School District sent O'Regan a document setting forth the School District's proposed informal resolution of the alleged pending Title IX proceeding. The School District's proposed informal resolution of the pending Title IX proceeding is attached hereto as Exhibit "F."

30. Among other things, the proposed informal resolution of the alleged pending Title IX proceeding would discipline L.O. by imposing a 2 day out of school suspension.

31. Under the grievance process adopted by the School District to resolve the alleged Title IX violations, a single decision-maker will decide each of the boy's claims against G.R. and G.R.'s claims against each of the boys.

5

32. L.O. has a legally protected liberty and property interest in a school record free of reports of discipline imposed by the School District.

## COUNT I – 28 U.S.C. § 2201
## DECLARATORY JUDGMENT
### Edward O'Regan and Ana Viquez as Parents and Natural Guardians of L.O. v. Central Bucks School District

33. O'Regan hereby incorporates paragraphs 1 through 32 inclusive as though fully set forth at length.

34. A "Complainant" in a Title IX proceeding is "an individual who is alleged to be the victim of conduct that could constitute sexual harassment.", 34 C.F.R. § 1601.30. [2]

35. "Sexual Harassment" is conduct on the basis of sex that satisfies one or more of the following:

   (1) An employee of the recipient conditioning the provision of an aid, benefit, or service of the recipient on an individual's participation in unwelcome sexual conduct;

   (2) Unwelcome conduct determined by a reasonable person to be so severe, pervasive, and objectively offensive that it effectively denies a person equal access to the recipient's education program or activity; or

   (3) "Sexual assault" as defined in 20 U.S.C. 092(f)(6)(A)(v),
       "dating violence" as defined in 34 U.S.C. 12291(a)(10),
       "domestic violence" as defined in 34 U.S.C. 12291(a)(8),
       or "stalking" as defined in 34 U.S.C. 12291(a)(30).

34 C.F.R. §1601.30.

36. A Title IX grievance procedure may only be instituted after the receipt of a "formal complaint" that has either been filed by the complainant or signed by the Title IX Coordinator., 34 C.F.R. §1601.30.

---

[2] The cited definitions appear in § 1601.30 of the Final Regulation adopted May 19, 2020.

6

37. The Notice provided by the School District to L.O. and O'Regan is not based upon a formal complaint of sexual harassment from G.R.

38. The School District, in an unlawful attempt to discipline L.O., has:

    a. Falsely represented to L.O. and O'Regan that the Notice provided on October 18, 2024 instituted a lawful Title IX proceeding against L.O.;

    b. Falsely represented to L.O. and O'Regan that G.R. has alleged that she was sexually harassed by L.O.;

    c. Falsely represented to L.O. and O'Regan that the conduct described in the October 18, 2024 Notice can be considered sexual harassment as defined in 34 C.F.R. §1601.30 and

    d. Falsely representing to L.O. and O'Regan that the document attached to the email Notice was the formal complaint required by 34 C.F.R. §1601.30 to institute a lawful Title IX grievance proceeding.

**WHEREFORE,** Plaintiffs Edward O'Regan and Ana Viquez as Parents and Natural Guardians of L.O., respectfully request this Court to:

A. Declare that the School District's ongoing grievance proceeding against L.O. is unlawful;

B. Declare that the conduct attributed to L.O. set forth in the October 18, 2024 Notice from Alysia Wright is not sexual harassment as defined in 34 C.F.R. §1601.30 and

C. Order such other relief that this Court deems just and proper.

**COUNT II – 42 U.S.C. § 1983**
**<u>VIOLATION OF 42 U.S.C. § 1983</u>**
**Edward O'Regan and Ana Viquez as Parents and Natural Guardians of L.O. v. Central Bucks School District**

7

39. O'Regan hereby incorporates paragraphs 1 through 38 inclusive as though fully set forth at length.

40. Each of the actions taken by the School District as set forth above was taken pursuant to the authority granted to the School District by the laws of the Commonwealth of Pennsylvania.

41. Parties to a grievance proceeding alleging a violation of Title IX are entitled to procedural due process.

42. Procedural due process requires that a party be afforded the right to notice of significant deprivations of liberty or property and to a meaningful opportunity to be heard.

43. The grievance proceeding adopted by the School District which requires L.O. to present to the same decision-maker evidence in support of his claims against G.R. and evidence to rebut G.R.'s claim against him denies L.O. a meaningful opportunity to be heard on either claim.

44. The School District's grievance procedure forces L.O. to potentially not introduce all the relevant evidence or make all the relevant arguments in defense of G.R.'s claims against him because the same decision-maker will also decide L.O.'s claims against G.R., since by introducing all the relevant evidence or making all the relevant arguments in defense of G.R.'s claims, L.O. may undermine and weaken his claims against G.R.

45. Similarly, the School District's grievance procedure forces L.O. not to introduce all the potentially relevant evidence or make all the relevant arguments in support of his claim against G.R. because the same decision-maker will also decide

8

G.R.'s claims against L.O., thereby precluding L.O. from introducing all the relevant evidence or making all the relevant arguments in support of L.O.'s claims against G.R., because such evidence or argument may undermine and weaken his defense of G.R.'s claims against him.

46. The one decision-maker procedure adopted by the School District denies L.O. the right to be fully and meaningfully heard and, therefore, denies L.O. the right to due process guaranteed by the *Fourteenth Amendment.*

47. The grievance process adopted by the School District denies L.O. a meaningful opportunity to be heard as either a respondent or a complainant by not providing a separate decision-maker to decide L.O.'s claims as a complainant and defense as a respondent.

**WHEREFORE,** Plaintiffs Edward O'Regan and Ana Viquez, as Parents and Natural Guardians of L.O., respectfully request that this Court:

A. Declare that the one decision-maker grievance procedure adopted by the Central Bucks School District does not comport with the due process clause of the *Fourteenth Amendment*;

B. Enjoin the Central Bucks School District from pursuing any alleged violations of Title IX by L.O. until it adopts a procedure in which one decision-maker decides L.O.'s claims against G.R and a separate decision-maker decides G.R.'s claims against L.O.;

C. Award O'Regan reasonable attorney's fees and the costs of suit and

D. Order such other relief that this Court deems just and proper.

                                                **DESSEN, MOSES & ROSSITTO**

Dated: December 3, 2024          By: */s/ David S. Dessen*
                                                DAVID S. DESSEN, ESQUIRE
                                                Attorney ID # 17627
                                                Attorney for Plaintiffs

                                                600 Easton Road
                                                Willow Grove, PA  19090
                                                (215) 496-2902
                                                ddessen@dms-lawyer.com